

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 2 0 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTON PURISIMA,
                Plaintiff,

-against-

TIFFANY ENTERTAINMENT; JOHN DOE; and
JANE DOE,
                Defendants.
----------------------------------------------------------X
ANTON PURISIMA,
                Plaintiff,

-against-

ASIAN MARKETING; PEOPLE'S REPUBLIC OF
CHINA, "CHINA"; JOHN DOE; and JANE DOE,

                Defendants.
----------------------------------------------------------X
ANTON PURISIMA,
                Plaintiff,

-against-

EDDIE ZHENG; NAFONG MO; JOHN DOE; and
JANE DOE,
                Defendants.
----------------------------------------------------------X
ANTON PURISIMA,
                Plaintiff,

-against-

PRESIDENT HU-JINTAO; PREMIER WEN-JIABAO;
JOHN DOE; and JANE DOE,

                Defendants.
----------------------------------------------------------X

MEMORANDUM & ORDER

09-CV-3502 (NGG)

NOV - 8 2011

11-CV-1919 (NGG)

11-CV-2381 (NGG)

11-CV-2967 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Anton Purisima, pro se, brings the above-captioned actions, alleging that various Defendants have discriminated against him on the basis of his race and national origin in

violation of Title VII and Title VI of the Civil Rights Act of 1964 and § 8-107 of the Administrative Code of the City of New York. Pursuant to 28 U.S.C. § 1915, Plaintiff's requests to proceed in forma pauperis in case numbers 11-CV-1919, 11-CV-2381, and 11-CV-2967 are granted solely for the purpose of this Order.[1] For the reasons set forth below, those actions are dismissed, and case number 09-CV-3502 is dismissed in part.

## I. BACKGROUND

On June 18, 2009, Plaintiff filed his first Complaint in the Southern District of New York in case number 09-CV-3502 ("Purisima I"). (Purisima I Compl. (Docket Entry # 4-2).) The action was transferred to this court on August 3, 2009. (Purisima I Docket Entry # 4.)[2] In this action, Plaintiff alleges that Defendant Tiffany Entertainment and unnamed others associated with Tiffany Entertainment discriminated against him on the basis of race, color, and national origin. (Purisima I Compl. at 3.) Specifically, Plaintiff alleges that Tiffany Entertainment, a company that provided bus service in connection with a trip Plaintiff took on June 13 to 14, 2009, gave preference regarding seat assignments and ticket refunds to Chinese-speaking customers and customers who appeared to be Chinese. (Id.) Plaintiff states that he purchased two tickets and was unable to obtain a refund when his friend was not able to use one of the tickets. (Purisima I Am. Compl. (Docket Entry # 7) at 2-3 (stating that "Plaintiff witnessed other 'Chinese speaking' and 'Chinese looking' passengers [obtain refunds for] their *unused* and *back dated bus tickets*," but that Plaintiff "was denied due to he is not Chinese").) Additionally,

---

[1] The court has previously granted Plaintiff in forma pauperis status in case number 09-CV-3502. (Mar. 5, 2010 Order.)

[2] Pursuant to the court's Order dismissing his original complaint with leave to amend (Purisima I (Docket Entry # 6)), Plaintiff filed an Amended Complaint on October 14, 2009 (Purisima I (Docket Entry # 7)). The Amended Complaint incorporates by reference the factual allegations in Plaintiff's original complaint, discussed herein. (Id. at 1, 3.)

Plaintiff states that he was assigned to seats number 49 and 50, which are located in the back of the bus, in the "smelly," "stinky" area near the toilet. (Id. at 2.) Plaintiff further alleges that Defendant provided only Chinese-language entertainment on the bus. (Id.) On November 10, 2009, the court referred this case to Magistrate Judge Lois Bloom for pretrial supervision. (Purisima I Nov. 10, 2009 Order (Docket Entry # 8).)

Plaintiff then filed three additional actions: On April 18, 2011, Plaintiff filed a Complaint in case number 11-CV-1919 ("Purisima II"). (Purisima II Compl. (Docket Entry # 1).) On May 11, 2011, Plaintiff filed a Complaint in case number 11-CV-2381 ("Purisima III"). (Purisima III Compl. (Docket Entry # 1).) And, on June 17, 2011, Plaintiff filed a Complaint in 11-CV-2967 ("Purisima IV"). (Purisima IV Compl. (Docket Entry # 1).)

Plaintiff's newly filed actions reiterate the claims stated in his original complaint as to the June 2009 bus trip, but bring these claims against different Defendants. In Purisima II, Plaintiff sued Asian Marketing; the People's Republic of China, "China"; and unnamed others who he believes are acting as "'agents' and under-cover-employees" of the named Defendants. (Purisima II Compl. at 4-5.) Plaintiff alleges that Tiffany Entertainment is doing business under the name "Asian Marketing Team." (Id.) Plaintiff further states that "pursuant to 'credible' information and beliefs, defendant Asian Marketing, 'Asian Marketing Team' is owned by 'China,' People's Republic of China." (Id. at 3.) In Purisima III, Plaintiff sued two individual defendants: Eddie Zheng and Nafong Mo. (Purisima III Compl. at 1.) Plaintiff asserts that Eddie Zheng is the manager of Tiffany Entertainment and that Nafong Mo is the President of Tiffany Entertainment. (Id.)

3

Purisima IV brings claims against Defendants Hu-Jintao, the President of the People's Republic of China, and Wen-Jaibao, the "Head of State of China," and unnamed others. (Purisima IV Compl. at 1-2.) Plaintiff asserts that President Hu-Jintao, in addition to being the "Chief of State of China," is the "owner-manager of Tiffany Entertainment" and is "doing business as 'Asian Marketing' through his 'agents.'" (Id. at 1.) Plaintiff also states that Premier Wen-Jaibao, in addition to being the "Head of State of China," is "responsible as owner-manager of 'private business,' doing business under 'Asian Marketing' the *owner* of agent Tiffany Entertainment and bus company Tiffany Entertainment." (Id.)

The underlying facts alleged in each of the subsequent complaints are substantially the same as those stated in the first.[3] They repeat Plaintiff's claim that the operators of the bus service discriminated against him on the basis of race, color and national origin on June 13 to 14, 2009; that customers who spoke Chinese or appeared to be Chinese received preferential treatment with regard to seat assignments and ticket refund policies; and that only Chinese language entertainment was available on the bus. (Purisima II Compl. at 6-8; Purisima III Compl. at 6-8; Purisima IV Compl. at 6-8.) To each of the three recent Complaints, Plaintiff attaches copies of filings from the first case, including a March 17, 2010 letter from defendant Eddie Zheng, which explains the company's seat assignment and ticket refund procedures and policies. (Purisima II Compl. Ex. 1-2; Purisima III Compl. Ex. 1-2; Purisima IV Compl. Ex. 1-2.) Plaintiff alleges that Zheng's letter was "illegal" and was disrespectful of the American judicial system because it attempts to make "policy and procedure in China" binding in the United States. (Purisima II Compl. at 9; Purisima III Compl. at 9; Purisima IV Compl. at 9.)

---

[3] Plaintiff's second through fourth Complaints are nearly identical to one another. Plaintiff's first Complaint, while shorter and not identical to the others, describes the same incident and states the same claims as his subsequent complaints.

4

The recent Complaints also suggest that Plaintiff's experience with the bus company is part of a larger international conspiracy. Plaintiff alleges that "China is buying businesses and involved in doing businesses inside United States of America (U.S.A.), sends millions of Chinese, agents in 'America' acted as 'students, businessmen/women, employees, visitors, representatives, etc." (Purisima II Compl. at 4; Purisima III Compl. at 4; Purisima IV Compl. at 4.). He contends that "the authorities in China confiscated and or destroyed American owned businesses in China . . . [and] unfairly devalued their Chinese currency for unfair business strategical advantage that inflict damages to non-Chinese businesses throughout the world" (see, e.g. Purisima II Compl. at 5), and suggests that these actions are in retaliation for past colonization of Hong Kong and support of Taiwan by the British and the United States (see, e.g. id. at 7, 9).

In all four Complaints, Plaintiff alleges that Defendants' actions violated Title VII and Title VI of the Civil Rights Act of 1964, and § 8-107 of the Administrative Code of the City of New York. He seeks unspecified injunctive relief, and damages in amounts ranging from "ten million dollars" (Purisima I Am. Compl. at 3) to "three hundred decillion dollars" (Purisima IV Compl. at 9, 11). (See also Purisima III Compl. at 7, 12 (seeking "four hundred quadrillion dollars"); Purisima II Compl. at at 7, 12 (seeking "five hundred quadrillion dollars").)

## II. LEGAL STANDARD

An in forma pauperis action shall be dismissed where a plaintiff's "allegation of poverty is untrue" or where the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is considered frivolous when "either: (1) the

factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). A pro se plaintiff's complaints must be read liberally and interpreted as raising the strongest arguments they suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of a pro se complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## III. DISCUSSION

### A. Consolidation of Plaintiff's Actions

Under Federal Rule of Civil Procedure 42(a)(3), "[i]f actions before the court involve a common question of law or fact, the court may issue any other orders to avoid unnecessary cost or delay." Because Plaintiff's four actions all involve the same underlying dispute—the bus company's treatment of Plaintiff on June 13 to 14, 2009—the court considers these actions together for the purposes of this Order. Consolidating Plaintiff's claims, as authorized by Rule 42(a)(3), will foster judicial economy and enable the court to avoid unnecessary cost and delay.

### B. Civil Rights Act Claims

6

In his three recent complaints, Plaintiff alleges that Defendants' actions violated Title VI and Title VII of the Civil Rights Act. (Purisima II Compl. at 3; Purisima III Compl. at 3; Purisima IV Compl. at 3.) Although Plaintiff does not cite to any specific statutory provision in his first Complaint, his claims of "discrimination" and "discrimination to national origin" appear to parallel the claims he later identifies as pursuant to the Civil Rights Act. (Purisima I Am. Compl. at 2 (indicating that the court has federal question jurisdiction).) Plaintiff's Title VI and Title VII claims are based on "indisputably meritless legal theor[ies]." See Livingston, 141 F.3d at 437.

Title VI of the Civil Rights Act provides that no person shall be subjected to discrimination on the basis of race, color, or national origin "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Here, Plaintiff has not alleged any facts that suggest that Defendants operate a "program or activity" that receives federal funding, or that the discrimination he alleges occurred in connection with such a program. Although Plaintiff does suggest that the Chinese government may be somehow involved in the alleged conduct, he does not assert that the Defendant bus service provider or any of its alleged agents have received financial assistance from the United States federal government.

Title VII of the Civil Rights Act prohibits discrimination in employment. 42 U.S.C. § 2000e-2(a)(1) (prohibiting covered employers from discriminating against any individual "with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin"). Plaintiff has not alleged that any Defendant was his employer or that he suffered any adverse *employment* action. See Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491 (2d Cir. 1010) (to establish Title VII claim, plaintiff must

7

show, inter alia, that he "he suffered an adverse employment action"). Because neither of these provisions are applicable to the facts alleged, Plaintiff's Title VI and Title VII claims are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B).

Elsewhere in his Complaints, Plaintiff states that he has been "denied accommodation" (see, e.g., Purisima I Am. Compl. at 1) and that Defendants' actions violated the "'public accommodations' Title of the Civil Rights Act of 1964" (see, e.g., Purisima IV Compl. at 3). Reading Plaintiff's pro se Complaints liberally, the court interprets his "accommodations" claims as pursuant to Title II of the Civil Rights Act, 42 U.S.C. § 2000a et seq., as well as § 8-107 of the Administrative Code of the City of New York. To the extent that Plaintiff pleads violations of Title II, the court will not dismiss this aspect of his Civil Rights Act claim sua sponte. If Defendants choose to move to dismiss Plaintiff's public accommodations claims, they may do so at the appropriate time, pursuant to the court's rules.

### C. Purisima II, III & IV

#### 1. Duplicative Claims

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citations omitted). This doctrine is intended to "foster judicial economy and the comprehensive disposition of litigation" and "to protect parties from the vexation of concurrent litigation over the same subject matter." Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952) and Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)) (internal punctuation omitted).

8

In Plaintiff's second, third and fourth Complaints, he makes claims that are duplicative of his original action. The recent complaints describe the same June 2009 incident and raise the same claims as the first action. Although Plaintiff purports to name different Defendants in each suit, he acknowledges that "Asian Marketing" is the same party in interest as "Tiffany Entertainment." (Purisima II Compl. at 3.) He also acknowledges that his claims against Eddie Zheng, Nafong Mo, President Hu-Jintao, Premier Wen-Jaibo, and the unnamed individual Defendants in his second through fourth lawsuits arise out of these individuals' agency relationships with Tiffany Entertainment. (Purisima II Compl. at 1; Purisima III Compl. at 1, 3-4; Purisima IV Compl. at 1, 3-4.) In his first Complaint, Plaintiff notes that he may later add additional Defendants such as those now named in his later actions: The first Complaint brings suit against unnamed Defendants "John Doe" and "Jane Doe," based on these individuals' relationship with Tiffany Entertainment, and Plaintiff states that he will amend his Complaint "when these Defendants are known." (Purisima I Am. Compl. at 1; see also Purisima I Compl. at 3 (stating claims against named and unnamed Defendants collectively).) While Plaintiff's subsequent actions have added specificity to his original action, in all cases, he brings the same claims based on the same incident against Defendants that he believes are associated with the same bus company that he initially sued.

The court finds that no useful purpose would be served by the litigation of duplicate claims against Tiffany Entertainment and its agents, however they are identified. Accordingly, the portions of the complaints in case numbers 11-CV-1919, 11-CV-2381, and 11-CV-2967 that reiterate Plaintiff's claims that the bus company with which he did business on June 13 to 14, 2009 discriminated against him with regard to its seating assignment and ticket refund policies

9

and the provision of on-board entertainment are dismissed. The dismissal of these claims is without prejudice to the litigation pending in Plaintiff's first action, 09-CV-3502.

### 2. Global Conspiracy Claims

To the extent that Plaintiff's three recent Complaints allege that China or the People's Republic of China are participants in a global conspiracy (see, e.g., Purisima II Compl. at 4-7; Purisima IV Compl. at 11), these claims are frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's statement that Tiffany Entertainment/Asian Marketing Team is owned by "'China,' People's Republic of China" and operated as part of a global conspiracy is not supported by any factual allegations, and Plaintiff's vague claims regarding China's alleged commercial activities are wholly incredible. Moreover, Plaintiff has not stated that this alleged global conspiracy has violated any federal laws or rights. Because Plaintiff's factual contentions are baseless and his legal theory non-existent in this regard, Plaintiff fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any claims against "China" or the People's Republic of China are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### IV. CONCLUSION

For the reasons stated above, 11-CV-1919, 11-CV-2381, and 11-CV-2967 are DISMISSED without prejudice to 09-CV-3502. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Case number 09-CV-3502 shall continue under the supervision of Magistrate Judge Lois Bloom. Plaintiff's claims under Title VI and Title VII are dismissed as discussed above. If

10

Plaintiff would like to amend his Complaint in 09-CV-3502 to incorporate aspects of his other actions, such a request should be made to Judge Bloom within thirty days of the date of this Order.

SO ORDERED.

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
       July 19, 2011

11